1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JANOVE PLLC
Raphael Janove (CA Bar No. 361193)
500 7th Ave., 8th Fl.
New York, NY 10018
Tel: (646) 347-3940
raphael@janove.law

Liana Vitale (CA Bar No. 348772)
979 Osos St., Ste A5
San Luis Obispo, CA 93401
(805) 505-9550
liana@janove.law

*Attorneys for Plaintiff and the Proposed Classes*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **Denise Borders,**<br>on behalf of herself and all others<br>similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**Set Active LLC,**<br>　　　　Defendant. | Case No. 26-cv-982<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.<br><br>2. Violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.<br><br>3. Violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code. § 1750 et seq.<br><br>4. Unjust Enrichment<br><br>**JURY TRIAL DEMANDED** |

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2) (*see* ¶9, *infra*.). It also has personal jurisdiction over Set Active LLC ("Set Active" or "Defendant") because California is the jurisdiction where Set Active maintains its principal place of business and conducts substantial business and is where a substantial part of the acts and omissions that Plaintiff complains of occurred.

Plaintiff Denise Borders, on behalf of herself and others similarly situated, on knowledge as to her own actions, the investigation of Plaintiff's counsel, and otherwise upon information and belief, alleges against Defendant Set Active as follows:

## PRELIMINARY STATEMENT

1.    Set Active markets and sells expensive activewear and athleisure through its website https://setactive.co/, charging as much as $72 for a single sports bra and $160 for a quarter zip jacket.

2.    Like any online retailer, Set Active would generally be responsible for refunding or replacing orders that are lost, stolen, or damaged in transit. But instead of absorbing this as a cost of doing business, Set Active stealthily shifts this economic burden onto consumers by surreptitiously adding a fee for "shipping protection" to their carts, then using deceptive design tactics to make it difficult for customers to notice or remove this hidden fee.

3.    This "shipping protection" is insurance provided by Route App, Inc. ("Route). If customers' packages are "lost or damaged in transit, or stolen immediately after the carrier's proof of delivery," Route refunds or replaces customers' orders. Set Active automatically charges customers for shipping protection, adding a fee of $1.55 to orders under $125. For orders $125 and over, the fee is even larger, 2.5% of the order subtotal.[1]

4.    If the shipping protection fee benefits anyone, it is Set Active, who would normally have to replace or refund packages that were not safely delivered in order to

---

[1] https://setactive.co/pages/help-center?hcUrl=%2Fen-US%23article-1177470

CLASS ACTION COMPLAINT

maintain a successful online business and keep its customers happy. For consumers, shipping protection is nothing more than a junk fee. Further, many package delivery services such as Fedex and UPS already offer package insurance, and many credit card companies refund customers for packages that arrive damaged or do not arrive at all. As such, Route's services are redundant, providing no real benefit to the consumer.

5.  The strategies Set Active uses to scam customers into paying for Route's shipping protection fee are well-known deceptive marketing tactics that the Federal Trade Commission (FTC) calls dark patterns—"design practices that trick or manipulate users into making choices they would not otherwise have made."[2]

6.  For example, the "sneak-into-basket" tactic where Set Active automatically adds the shipping protection fee to consumers' carts without their consent is designed so that consumers pay the fee without realizing it's been added to their order.

7.  Set Active then uses other dark patterns to hide the fee during checkout, and to make it appear unremovable and required with purchase. These deceptive practices interfere with consumers' autonomy and ability to make informed choices about their purchases.

8.  As a result of Defendant's deceptive and unfair businesses practices, Plaintiff brings claims on behalf of herself and all those similarly situated for violations of the Unfair Competition Law, California Business & Professions Code, §§ 17200, *et seq.* ("UCL"); the False Advertising Law, Cal. Bus. & Prof. Code, §§ 17500, *et seq.*("FAL"); the California Consumers Legal Remedies Act, Cal. Civ. Code, §§1750 *et seq.*, ("CLRA"); and for unjust enrichment.

## JURISDICTION

9.  This Court has jurisdiction over this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction

---

[2] *See* FTC Staff Report, *Bringing Dark Patterns to Light* (Sept. 2022), available at https://www.ftc.gov/system/files/ftc_gov/pdf/P214800%20Dark%20Patterns%20Report%209.14.2022%20-%20FINAL.pdf

CLASS ACTION COMPLAINT

because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed classes is a citizen of a different state than Set Active.

10.    This Court has personal jurisdiction over Set Active because its principal place of business is in Beverly Hills, California. Set Active conducts substantial business in this District, and a substantial part of the acts and omissions that Plaintiff complains of occurred in this District.

## VENUE

11.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) & (b)(2) because Defendant resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

12.    Plaintiff Denise Borders is an individual who resides in Los Angeles, California. She has made multiple purchases from Set Active's website, and was tricked into paying for shipping protection on at least two of her orders. Plaintiff purchased shipping protection on those orders only because it was automatically added to her online shopping cart. Otherwise, she would not have purchased it or would have paid less for it.

13.    Set Active is a California corporation that is headquartered in Beverly Hills, California, and is responsible for the deceptive tactics and misleading statements that caused Plaintiff to purchase shipping protection.

## FACTS

**I.    Set Active Automatically Adds Shipping Protection Fees to Customers' Carts**

14.    When consumers add an item to their cart on Set Active's website, the shipping protection fee is automatically added to their order. Customers are not informed that this fee is being added, and the shopping cart uses the misleading description: "Your order is protected for $1.55," rather than advising customers that they are being charged $1.55 for the shipping protection and can choose not to buy it.

15.    Shown below is a cart that includes one item. Without any action by the customer, a shipping protection fee also appears in the cart, in small font and with a misleading description ("Your order is protected for $1.55.") that masks the fact that it is a charge and not a free benefit to the customer.

16.    Further, Set Active does not include the fee in the cart's subtotal—making consumers believe that the cart contains only their chosen items when, in reality, the shipping protection fee (which, as noted above, is not presented as a fee) has also been added to their order.



17.    This is what the FTC calls a "sneak-into-basket" fee, and it manipulates consumers' decision making in multiple ways.[3]

18.    First, by adding this fee to customers' orders without their knowledge or consent, many customers do not notice it. This is especially true because Set Active designed the fee to be inconspicuous, making it blend in with the background and appear

---

[3] *Bringing Dark Patters to Light*, 22.

in small text, while drawing a user's attention to the large black "Check Out" button.

19.     As a result of these manipulative schemes, consumers end up purchasing shipping protection even if they do not want it or would not choose to pay for if they knew it was there.

20.     Second, even if customers do realize that the fee has been added to their cart, they may choose to keep it as a result of the "endowment effect." The endowment effect is a principle of behavioral psychology which says, "any tactic that makes us feel a sense of psychological ownership over a product can encourage us to spend more on it."[4]

21.     The endowment effect can be explained by the human desire to avoid loss: "Because of loss aversion, when we're faced with making a decision, we tend to focus more on what we lose than on what we gain. As a result, in general, we are biased to maintain the status quo, rather than shake things up and risk sustaining losses."[5]

22.     By automatically adding the shipping protection fee to customers' carts, Set Active exploits the endowment effect to make consumers less inclined to remove the fee—if they even notice it—because they do not want to risk losing something.

23.     Adding the shipping protection fee into consumers' carts without their knowledge or consent manipulates consumers into making decisions that they would not have made otherwise, unfairly benefitting Set Active.

**II.     Set Active Makes the Shipping Protection Fee Difficult to Remove from the Cart**

24.     After sneaking the shipping protection fee into consumers carts, Set Active uses other deceptive tactics to make it hard for customers to notice or remove it.

25.     There are two ways (both inconspicuous and counterintuitive) to remove the shipping protection fee from the cart. Set Active hides them both by using dark patterns and confusing language.

26.     The first way to remove the fee is when viewing the cart before checkout,

---

[4] https://thedecisionlab.com/biases/endowment-effect
[5] *Id.*

as shown below:



27.    Here, a customer can select the big, attention-grabbing black button that says "Check out." Selecting this button will take the customer to the checkout screen with the shipping fee still in their cart.

28.    If a customer happens to look below the large "Checkout" button, they may notice small, underlined text that blends in with the background saying, "Check out without Coverage," although it is not clear what this means and it is not presented as an action button.

29.     By aggressively emphasizing the checkout button that keeps the fee in the cart while simultaneously hiding the "Check out without Coverage" link at the bottom of the screen, Set Active employs a dark pattern known as 'misdirection,' or drawing consumers' attention to one design element in order to distract them from another.[6] The use of a link (rather than a button), juxtaposed with the Check out button, further misleads users into believing that the link is not an alternate means to checkout.

30.     The language used is also deliberately deceptive. Set Active refers to the shipping protection fee by different names throughout the checkout process, and the link to remove it says nothing about shipping protection.

31.     The only indication of the shipping protection fee in the cart is the small box that says, "you order is protected for $1.55."  Somehow—assuming they notice it and understand it is an optional fee they are being charged—consumers are supposed to infer that the button "Check out without Coverage" removes the vague "protection" mentioned in the small box. Without consistency in labeling, consumers are unlikely to figure out how to remove the shipping protection fee, even if they notice all of the parts required to do so.

## III.    Set Active Makes It Difficult to Remove the Shipping Protection Fee at Checkout

32.     The only other way to remove shipping protection is equally hard to find or use. Once on the checkout screen, Set Active again employs dark patterns so that removing the shipping protection fee it is unclear and confusing.

33.     The initial view of the checkout screen lists the shipping protection fee as an item in the cart for the first time—in contrast to previous cart displays. However, this view does not provide any way to remove the fee from the order, as shown below:

---

[6] *Bringing Dark Patterns to Light*, 23.

CLASS ACTION COMPLAINT



34.    Without any obvious way to remove the shipping protection fee, this view of the checkout screen makes the fee appear required.

35.    As customers scroll down, they are given one opportunity to remove the shipping protection from their order. As illustrated below, customers can uncheck the box that says "Shipping Protection by Route"—the third name used in the checkout process to describe the fee—to remove it from their order.

36.    However, consumers are unlikely to notice or effectively use this opportunity because Set Active deploys multiple dark patterns simultaneously to manipulate consumers into paying the shipping protection fee. As the FTC notes, "dark patterns often are not used in isolation and tend to have even stronger effects when they are combined."[7] As described above, Set Active has already shown consumers multiple deceptive screens concerning the shipping fee at this point in the transaction.

37.    The deception continues on the checkout screen. Primarily, Set Active employs a variation on the previously mentioned "sneak-into-basket" tactic. This version involves automatically opting customers into shipping protection by pre-checking the box at checkout. This means that customers are not given the opportunity to opt in to the fee but are only given the chance to opt out—if they notice the fee at all.

38.    Set Active also utilizes 'misdirection' to draw customers' attention away

---

[7] *Bringing Dark Patterns to Light*, 2.

CLASS ACTION COMPLAINT

from the pre-checked box and, thus, keep them from unselecting it.

39.   The small pre-checked box is strategically colored to blend in with the background and then placed above the large, black "Log in to Shopify" button.

40.   So, as customers scroll down to the second half of the page, Set Active calls their attention to the Shopify button, causing customers to bypass the pre-checked shipping protection box. Then, if customers do not want to log in to Shopify, they will naturally move down the screen to continue the checkout process.

41.   In other words, after jumping to the bold, attention-grabbing Shopify button, it is unlikely that customers would move backward in the checkout process. Thus, it is improbable that they would scroll up and notice the pre-checked shipping protection box.

42.   Since these dark patterns hide the shipping protection fee and how to remove it, they effectively make the fee appear required. The only obvious place the fee is shown is in the itemized list of products at checkout. However, there is no way to remove the fee directly from this list. As such, on information and belief, if the dark patterns are effective such that consumers do not see how to remove the fee from the cart, then they will pay it because they think that it is a required with the order.

**IV.   Automatic Shipping Protection Fee Renders Advertised Shipping Prices False**

43.   These fees are not just deceptive in and of themselves, but they also render Set Active's claims of free shipping and predictable shipping costs false and misleading.

44.   Set Active promises free shipping on all U.S. orders $175 or more. In other words, for orders $175 or more, Set Active agrees to pay any and all costs, charges, and fees associated with transporting customers' products. Presumably, this would include a fee which covers items that are lost, stolen, or damaged *in transit.*

45.   However, Set Active does not pay the shipping protection fee on orders of $175 or more. Instead, just like every other order, Set Active sneaks the fee into customers' carts, tricking them into paying for shipping protection while simultaneously increasing its own revenue.

46.     As such, for customers spending $175 or more who do not notice the fee or who pay for it because they are deceived by dark patterns, shipping is not free, thus rendering Set Active's free shipping claim false.

47.     Additionally, at checkout Set Active advertises standard domestic shipping for $6.95, expedited domestic shipping for $14.95, and 2 Day shipping for $25.

48.     Once again, for those who do not notice the fee or who pay for it because they are deceived by dark patterns, none of these prices are accurate. Due to interference with their autonomy and decision-making processes, these customers pay an additional shipping protection fee despite being promised flat rate shipping.

**V.      Shipping Protection Provides Little to No Additional Benefit to the Consumer**

49.     Shipping protection claims to provide many benefits to consumers, including "damage, loss, theft coverage" and "fast refund or replacement."

50.     Although shipping protection is marketed as providing unique services to customers, many of these protections already exists when customers order from Set Active.

51.     For one, customers reasonably expect that Set Active, like virtually all online retailers, will be responsible for refunding or replacing orders that arrive damaged, making Route's services redundant and of little additional benefit to the customer. Upon information and belief, Set Active does replace or refund orders that arrive damaged in order to maintain customer satisfaction.

52.     Delivery companies also provide shipping insurance on packages. FedEx and USPS include shipping insurance up to $100 for all packages.[8] With this, customers can easily file a claim for any lost or damaged items that Set Active refuses to replace or refund. Additionally, UPS does not advertise a price cutoff for shipping protection,

---

[8] https://www.fedex.com/en-us/shipping/declared-value.html#:~:text=The%20first%20%24100%20of%20value,amount%20that%20exceeds%20that%20%24100.; https://www.usps.com/ship/insurance-extra-services.htm

allowing customers to submit claims for all lost and damaged items. With UPS, claim payments arrive as quickly as 3 days after the claim is reviewed.[9]

53.    Credit cards companies can also provide relief. Known as "purchase protection," many credit cards will reimburse customers for stolen or damaged products.[10]

54.    With so many ways to resolve shipping and delivery errors, shipping protection is a redundant junk fee that offers no real value to customers.

## VI.    Set Active Has Not Always Automatically Added Shipping Protection Fees to Customers' Carts

55.    According to Set Active's website, it has been offering Route package protection since November 18, 2021. When it first introduced this service, the fee was not automatically added to customers' carts.

56.    A page on Set Active's website—which appears to be outdated—states, "As of November 18, 2021, we offer Route Package Protection with every order, which covers items/packages that are lost, stolen or damaged in transit….**You will need to opt into Route Package Protection before placing your order if desired**."[11]

57.    On information and belief, Set Active changed its shipping protection practices because many consumers were not opting in to Route shipping protection. However, then Set Active realized it could use deceptive practices to increase the participation in Route shipping protection, thus increasing its own revenue.

## CLASS ALLEGATIONS

58.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of herself and the following proposed Nationwide Class:

All persons in the United States who purchased Route shipping

---

[9] https://www.ups.com/us/en/support/file-a-claim
[10] https://www.nerdwallet.com/credit-cards/learn/credit-card-purchase-protection
[11] https://setactive.co/pages/shipping?srsltid=AfmBOooCXzwQXXOUB3BFN988-dzfZOIV13M9Mi1hxySRkJLCXE4SBa6t

CLASS ACTION COMPLAINT

protection on setactive.co within the relevant limitations period, and/or such subclasses as the Court may deem appropriate ("Nationwide Class").

59.    Plaintiff brings this action on behalf of herself and on behalf of the following proposed California Class:

All persons in California who purchased shipping protection on setactive.co within the relevant limitations period, and/or such subclasses as the Court may deem appropriate ("California Class").

60.    Excluded from the proposed Classes are Set Active and its employees, officers, directors, legal representatives, heirs, successors, subsidiaries, and affiliates, and the judicial officers and their immediate family members and associated court staff assigned to this case, as well as all persons who make a timely election to be excluded from the proposed class.

61.    Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence she and other potential plaintiffs would use to prove those elements in individual actions alleging the same claims.

62.    This action meets all applicable standards of Fed. R. Civ. P. 23 for class certification, in that Plaintiff can demonstrate the elements delineated below.

63.    Numerosity. The members of the proposed Classes are so numerous and geographically dispersed that individual joinder of all proposed class members is impracticable. See Fed. R. Civ. P. 23(a)(1). While Plaintiff believes that there are hundreds of thousands of members of the proposed Classes, the precise number of class members is unknown, but may be ascertained from Defendant's books and records.

64.    Ascertainability. The Classes are ascertainable because their members can be readily identified using business records, and other information kept by Defendant in the usual course of business and within its control or by Plaintiff and the class members themselves. Plaintiff anticipates providing appropriate notice to the Classes to be

approved by the Court after class certification, or pursuant to court order.

65.    <u>Commonality and Predominance.</u> This action involves common questions of law and fact, which predominate over any questions affecting individual class members. *See* Fed. R. Civ. P. 23(a)(2) and (b)(3). These include, without limitation:

A.    Whether Defendant engaged in the conduct alleged in this Complaint;

B.    Whether Defendant violated the applicable statutes alleged herein;

C.    Whether Defendant's conduct emanated from the State of California;

D.    Whether Plaintiff and the class members are injured and harmed directly by Defendant's conduct;

E.    Whether Plaintiff and the class members are entitled to damages due to Defendant's conduct as alleged in this Complaint, and if so, in what amounts; and

F.    Whether Plaintiff and the class members are entitled to equitable relief, including, but not limited to, restitution or injunctive relief as requested in this Complaint.

66.    <u>Typicality.</u> Plaintiff's claims are typical of the putative class members' claims because, among other things, all such class members were comparably injured by Defendant's wrongful conduct as described above. *See* Fed. R. Civ. P. 23(a)(3). Defendant's creation and display of its misleading practices are uniform for Plaintiff and class members.

67.    <u>Adequacy.</u> Plaintiff is an adequate proposed class representative because her interests do not conflict with the interests of the other members of the proposed Classes she seeks to represent; because she has retained counsel competent and experienced in complex class action litigation; and because she intends to prosecute this action vigorously. The interests of the proposed Classes will be fairly and adequately protected by Plaintiff and her counsel. *See* Fed. R. Civ. P. 23(a)(4).

68.    <u>Declaratory and Injunctive Relief.</u> Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the proposed Classes,

thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the proposed Classes as a whole. *See* Fed. R. Civ. P. 23(b)(2).

69.     <u>Superiority</u>. A class is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and putative class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the proposed Classes to individually seek redress for Set Active's wrongful conduct.

70.     Applying the principles of equity or balance of equities, expecting an individual Plaintiff who is at a disadvantage with limited resources and spending capacity, and with minimal negotiating power, if any, to litigate claims against Defendant, a corporation that has significant resources and deep pockets, would be unfair. Class actions are a necessary and essential means to provide for public interest litigation with checks and balances to curtail deceptive practices by more powerful private corporations, including Defendant.

71.     There is no special interest in class members individually controlling the prosecution of separate actions. And even if class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and it increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. *See* Fed. R. Civ. P. 23(b)(3).

**CALIFORNIA LAW APPLIES TO THE ENTIRE NATIONWIDE CLASS**

72.     California's substantive laws apply to every class member, regardless of where in the United States the class member resides.

73.     Set Active's Terms of Service, of which Plaintiff did not have reasonably conspicuous notice, require that disputes are governed by California law. Thus, regardless

of whether the Terms are binding on Plaintiff, Set Active has evidenced a clear intent to subject itself to California law.

74.    California's substantive laws may be constitutionally applied to the claims of Plaintiff and the Classes under the Due Process Clause, 14th Amend. §1, and the Full Faith and Credit Clause, Art. IV §1 of the U.S. Constitution. California has significant contacts, or a significant aggregation of contacts, to the claims asserted by Plaintiff and all class members, thereby creating state interests that ensure that the choice of California state law is not arbitrary or unfair.

75.    Set Active's United States headquarters and principal place of business are located in California. On information and belief, Set Active also owns property and conducts substantial business in California. Therefore, California has an interest in regulating Set Active's conduct under its laws. Set Active's decision to reside in California and avail itself of California's laws, and to engage in the challenged conduct from and emanating out of California, renders the application of California law to the claims herein appropriate and constitutionally permissible.

76.    Upon information and belief, California is also the state from which Set Active's alleged misconduct and false statements emanated. This conduct similarly injured and affected Plaintiff and all other class members.

77.    The application of California laws to the Classes is also appropriate under California's choice of law rules because California has significant contacts with Plaintiff, and the claims of Plaintiff and the proposed Classes. California also has a greater interest in applying its laws here than any other interested state.

**FIRST CLAIM FOR RELIEF**

**Violation of California's Unfair Competition Law ("UCL")**

**Cal. Business & Professional Code § 17200 et seq.**

**(On behalf of Plaintiff and All Classes)**

78.    Plaintiff incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

79.    California Business & Professions Code, sections 17200, *et seq.* (the "UCL") prohibits unfair competition and provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising."

80.    Set Active's false and misleading advertising claims regarding the shipping protection fee violate all three prongs—unlawful, unfair, and fraudulent—of the UCL.

81.    First, Set Active's representations and omissions regarding the shipping protection fee are unlawful because they are misleading to a reasonable consumer and violate the CLRA and FAL as alleged herein.

82.    Second, Set Active's conduct violates the "unfair" prong of the UCL because Set Active's representations and omissions regarding the shipping protection fee are illegal, immoral, unscrupulous, and substantially injurious to consumers, and the negative impact on consumers outweighs any reasons, justifications, or motives for Set Active's conduct.

83.    Third, Set Active's conduct violates the "fraudulent" prong of the UCL because Set Active's representations and omissions are likely to deceive members of the public.

84.    Plaintiff reasonably relied on Set Active's representations and omissions. The representations and omissions were material because a reasonable consumer would consider consent to purchase a product and the product's added benefit to be important factors in deciding whether to pay for a product. The representations and omissions were a substantial factor in Plaintiff's decision to purchase the products.

85.    As a direct and proximate result of Set Active's violations of the UCL, Plaintiff, the Nationwide Class, and the California Class have suffered injury in fact and have lost money. Plaintiff, the Nationwide Class, and the California Class were manipulated into paying an unwarranted fee for the shipping protection fee without their consent.

86.    Absent Set Active's misrepresentations and omissions, Plaintiff would not

have purchased the shipping protection fee or would have paid substantially less for it.

87.    Plaintiff seeks relief for violations of the UCL in the form of restitution, and/or disgorgement of ill-gotten gains to compensate and make whole Plaintiff, the Nationwide Class, and California Class. Restitution is appropriate because it is more certain, prompt, and efficient as compared to damages. Further, to obtain a full refund as damages, Plaintiff would have to show that the products have no market value, whereas that showing is not required for restitution.

88.    Plaintiff also seeks injunctive relief in the form of an order enjoining Set Active from continuing to deceptively market the shipping protection fee. Injunctive relief is appropriate because Set Active continues to deceptively include the shipping protection fee in customers' carts and falsely market the shipping protection fee as providing a unique benefit to consumers. Injunctive relief is necessary to prevent Set Active from continuing to engage in the unlawful conduct and to prevent future harm to Plaintiff, the Nationwide Class, and the California Class which cannot be achieved through available legal remedies.

89.    **Permanent public injunctive relief.** Plaintiff also seeks public injunctive relief to protect the general public from Set Active's conduct.

90.    Set Active's false advertising is ongoing and will continue to harm the public absent a permanent public injunction. Accordingly, Plaintiff seeks a permanent injunction to enjoin Set Active from engaging in the misconduct alleged herein.

**SECOND CLAIM FOR RELIEF**

**Violation of California's False Advertising Law ("FAL")**

**Cal. Business & Professional Code § 17500 *et seq*.**

**(On behalf of Plaintiff and All Classes)**

91.    Plaintiff incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

92.    The False Advertising Law, codified at Cal. Bus. & Prof. Code section 17500, *et seq.*, prohibits "unfair, deceptive, untrue or misleading advertising[.]"

19

**CLASS ACTION COMPLAINT**

93.    The FAL prohibits not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood, or tendency to deceive or confuse the public.

94.    Set Active violated section 17500 when it automatically added the shipping protection fee to customers' carts without their consent and marketed the shipping protection fee through the unfair, deceptive, and misleading representations and omissions that it provides unique benefits to the consumer. Set Active's presentation of the shipping protection fee is meant to manipulate and deceive consumers into paying for it. Additionally, the purported benefits it provides to the consumer are redundant.

95.    Plaintiff reasonably relied on Set Active's representations and omissions. The representations and omissions were material because a reasonable consumer would consider consent to purchase a product and the product's added benefit to be important factors in deciding whether to pay for a product. The representations and omissions were a substantial factor in Plaintiff's decision to purchase the products.

96.    As a direct and proximate result of Set Active's violations of the FAL, Plaintiff, the Nationwide Class, and the California Class have suffered injury in fact and have lost money. Plaintiff, the Nationwide Class, and the California Class paid an unwarranted fee for shipping protection and/or were denied the benefit of the bargain.

97.    Absent Set Active's misrepresentations and omissions, Plaintiff would not have purchased the shipping protection or would have paid substantially less for it.

98.    Plaintiff seeks relief for violations of the FAL in the form of restitution, and/or disgorgement of ill-gotten gains to compensate and make whole Plaintiff, the Nationwide Class, and the California Class. Restitution is appropriate because it is more certain, prompt, and efficient as compared to damages. Further, to obtain a full refund as damages, Plaintiff would have to show that the products have no market value, whereas that showing is not required for restitution.

99.    Plaintiff also seeks injunctive relief in the form of an order enjoining Set Active from continuing to deceptively market the shipping protection fee. Injunctive

relief is appropriate because Set Active continues to deceptively include the shipping protection fee in customers' carts and falsely market the shipping protection fee as providing a unique benefit to consumers. Injunctive relief is necessary to prevent Set Active from continuing to engage in the unlawful conduct and to prevent future harm to Plaintiff, the Nationwide Class, and the California Class which cannot be achieved through available legal remedies.

100. **Permanent public injunctive relief.** Plaintiff also seeks public injunctive relief to protect the general public from Set Active's conduct.

101. Set Active's false advertising is ongoing and will continue to harm the public absent a permanent public injunction. Accordingly, Plaintiff seeks a permanent injunction to enjoin Set Active from engaging in the misconduct alleged herein.

## THIRD CLAIM FOR RELIEF

## Violation of the California Consumers Legal Remedies Act ("CLRA") Cal. Civ. Code. § 1750 *et seq.*

## (On behalf of Plaintiff and All Classes)

102. Plaintiff incorporates by reference all allegations in this Complaint and restates them as if fully set forth here.

103. Plaintiff and the other class members are consumers within the meaning of Cal. Civ. Code § 1761(d) and have engaged in a transaction within the meaning of Cal. Civ. Code §§ 1761(e) and 1770.

104. Set Active is a "person" within the meaning of Cal. Civ. Code §§ 1761(c) and 1770 and sells "goods or services" within the meaning of Cal. Civ. Code §§ 1761(b) and 1770.

105. Each of Set Active's products and its shipping protection fee is a "good" or "service" within the meaning of Cal. Civ. Code. §§ 1761(a) and (b).

106. Set Active has violated § 1770(a)(5) by representing that the shipping protection fee had characteristics that it did not have.

107. Set Active has violated § 1770(a)(7) by misrepresenting that the shipping

protection fee is of a particular standard, quality, or grade.

108.   Set Active has violated § 1770(a)(9) by advertising the shipping protection fee with an intent not to sell it as advertised.

109.   Set Active's acts, practices, and omissions, set forth above, led customers to falsely believe that shipping protection fee provided them with unique benefits not already available to them, thus justifying the added cost. In reality, there are multiple other ways to remedy lost, stolen, or damaged items, meaning the shipping protection fee is a redundant cost thrust on to consumers to increase Set Active's revenue.

110.   Plaintiff reasonably relied on Set Active's representations and omissions. The representations and omissions were material because a reasonable consumer would consider consent to purchase a product and the product's added benefit to be important factors in deciding whether to pay for a product. The representations and omissions were a substantial factor in Plaintiff's decision to purchase the products.

111.   Set Active's violations of the CLRA directly and proximately caused injury in fact and damages to Plaintiff, the Nationwide Class, and the California Class. Absent Set Active's misrepresentations and omissions, Plaintiff would not have purchased shipping protection or would have paid substantially less for it.

112.   Plaintiff seeks relief for violations of the CLRA in the form of restitution, and/or disgorgement of ill-gotten gains to compensate and make whole Plaintiff, the Nationwide Class, and the California Class. Restitution is appropriate because it is more certain, prompt, and efficient as compared to damages. Further, to obtain a full refund as damages, Plaintiff would have to show that the products have no market value, whereas that showing is not required for restitution. Plaintiff reserves the right to amend the Complaint to seek damages under the CLRA.

113.   **Permanent public injunctive relief.** Plaintiff also seeks public injunctive relief to protect the general public from Set Active's conduct.

114.   Set Active's deceptive practices are ongoing and will continue to harm the public absent a permanent public injunction. Accordingly, Plaintiff seeks a permanent

injunction to enjoin Set Active from engaging in the misconduct alleged herein.

## FOURTH CAUSE OF ACTION
### Unjust Enrichment
### (On Behalf of Plaintiff and All Classes)

115.  Plaintiff incorporates by reference all allegations in this Complaint and restate them as if fully set forth herein.

116.  Plaintiff and the Classes conferred a benefit on Defendant in the form of payments for the shipping protection fee.

117.  Defendant accepted and retained these payments, even though it manipulated consumers into paying for the fee and misrepresented the protection as providing unique benefits.

118.  It would be unfair for Defendant to keep the money spent without compensating Plaintiff and the Classes because Defendant manipulated consumers into paying for the shipping protection fee.

119.  Defendant's conduct has therefore caused and is causing immediate and irreparable injury to Plaintiff and the class members and will continue to both damage Plaintiff and the class members and deceive the public unless enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the proposed Classes, pray for relief and judgment against Defendant as follows:

A.    Certifying the Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as representative of the Classes, and designating Plaintiff's counsel as class counsel;

B.    Awarding Plaintiff and the class members compensatory damages and actual damages in an amount exceeding $5,000,000, to be determined by proof;

C.    Awarding Plaintiff and the class members appropriate relief, including actual and statutory damages;

D.     For declaratory and equitable relief, including restitution and disgorgement;

E.     For an order enjoining Defendant from continuing to engage in the wrongful acts and practices alleged here;

F.     Awarding Plaintiff and the class members the costs of prosecuting this action, including expert witness fees;

G.     Awarding Plaintiff and the class members reasonable attorneys' fees and costs as allowable by law;

H.     Awarding pre-judgment and post-judgment interest; and

I.     Granting any other relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**JANOVE PLLC**

Dated: January 30, 2026          By:   /s/ Raphael Janove
                                       Raphael Janove
                                       500 7th Ave., 8th Fl.
                                       New York, NY 10018
                                       (646) 347-3940
                                       raphael@janove.law

                                       Liana Vitale
                                       979 Osos St., Ste. A5
                                       San Luis Obispo, CA 93401
                                       (805) 505-9550
                                       liana@janove.law

                                       *Attorneys for Plaintiff and*
                                       *the Proposed Classes*

CLASS ACTION COMPLAINT

I, Denise Borders, declare:

    1.  I am a Plaintiff in this action. If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

    2.  I submit this Declaration pursuant to California Code of Civil Procedure § 2015.5 and California Civil Code § 1780(d).

    3.  I reside in Los Angeles, California. As set forth in my complaint, I purchased Shipping Protection provided by Route App, Inc. when placing an order on Defendant Set Active's website, setactive.co.

    4.  Because I reside in Los Angeles, the Central District of California is the proper place for the trial of this action.

       I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

01/28/26

Date

*Denise Borders*

Denise Borders